(No. 40573.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CATHERINE HEIDMAN, Appellant.

*Opinion filed November 30, 1967.*

WARD, J., took no part.

JULIUS LUCIUS ECHELES and JO-ANNE F. WOLFSON, both of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES B. ZAGEL, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Catherine Heidman, was indicted for the offense of abortion. (Ill. Rev. Stat. 1965, chap. 38, par. 23—1.) She was represented by counsel of her own choice, tried by the court without a jury, found guilty, and placed on probation for 3 years, the first 90 days to be served in the House of Correction. On this appeal she does not dispute that the evidence was sufficient to establish her guilt, but does contend that her constitutional rights were violated because the trial judge did not impanel a jury to determine

whether she was physically competent to stand trial, and because she did not understandingly and voluntarily waive a jury trial.

These contentions stem from the following colloquy that took place when her case was called for trial:

"The Court: Ready to proceed?

Mr. Suth (Defendant's attorney): Ready for trial by this Court, plea of not guilty, jury waived, your Honor.

Mr. Oplatka ('Assistant State's Attorney): The State is ready.

The Court: Has the defendant been apprised of her rights to trial by jury?

Mr. Suth: Yes, sir.

The Court: Does she understand she has this right under the laws of the State of Illinois?

Mr. Suth: Yes.

The Court: And she does not desire to proceed with a jury?

Mr. Suth: No, sir.

The Court: Is that correct?

The defendant: I am too sick.

The Court: Do you want your case tried by me as a judge without a jury?

The defendant: Yes.

The Court: You can have a jury, you know.

The defendant: Yes, sir.

The Court: Is your name Mrs. Heidman?

The defendant: I am Miss. I am in very serious sickness, kidney trouble.

The Court: We will go into that in due course. I want this question satisfied.

The defendant: Yes.

The Court: Knowing of your legal right to a jury trial, do you wish to waive your right to a jury trial

and submit your case to this Court without a jury? Do you understand my question?

Mr. Suth: The Judge is saying, Catherine, do you want to have the Judge hear it alone or do you want a jury?

The defendant: No, just your Honor.

The Court: It is the same question I already asked you.

The defendant: Yes, your Honor.

The Court: We will have to ask you to sign a document which is a waiver of jury, which says, 'I, the undersigned,' etc. Will you kindly fill that out.

The defendant: Will you sign this for me.

Mr. Suth: You are going to have to sign it.

The defendant: I am so weak, so shaky, you know, so tired. May I sit down?"

A trial judge is required to conduct a hearing when he has reason to believe that the defendant is unable, because of a physical or mental condition, to understand the nature and purpose of the proceedings against him and to assist in his defense. Ill. Rev. Stat. 1965, chap. 38, par. 104—1, 104—2; see also *People* v. *Sims,* 34 Ill.2d 206; *People* v. *Wilson,* 29 Ill.2d 82; *People* v. *Cleggett,* 22 Ill.2d 471; *People* v. *Burson,* 11 Ill.2d 360.

On behalf of the defendant it is urged that the quoted colloquy raised sufficient doubt as to her physical condition to require the trial judge to conduct a hearing to determine her competence to stand trial and to waive a trial by jury. We do not agree. No one connected with the trial of the case seems to have felt any doubt as to the defendant's physical or mental competence. The trial judge and the defendant's attorney participated in the colloquy, and neither of them drew the inferences that the defendant's present attorneys seek to draw from what was then said by the defendant. There was no request for a continuance

nor was there any reference during the trial to the defendant's physical condition.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. Justice Ward took no part in the consideration or decision of this case.