LARRY OWEN COOK v. STATE OF INDIANA.

[No. 1271S366. Filed June 28, 1972.]

*Lorin H. Kiely, Phillip L. Kiely,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with second degree burglary. Trial by jury resulted in a verdict of guilty of the lesser included offense of entering to commit a felony. Appellant was sentenced to the Indiana State Prison for not less than one nor more than five years.

The record reveals the following:

Mary Monarch, owner of the Monarch Lunch Room in Evansville, Indiana, locked the premises at about 6:00 P.M. on January 28, 1971. At approximately 1:00 A.M. on January 29, 1971, Mr. and Mrs. Robert Wayne Smith, who were in a shop across the street, saw a person later identified as the appellant break the glass in the door of the Monarch Lunch Room.

In response to a call by Mr. and Mrs. Smith, Police Officers Althoff and Stembridge arrived and apprehended the appellant standing behind the counter in the lunch room. At the time of his arrest appellant was wearing gloves and had a long screw driver. The cigarette machine on the premises had been pried open and the coin box emptied.

Prior to trial appellant requested a psychiatric examination. In response to this request the court appointed two psychia-

trists to examine appellant. Both psychiatrists reported that appellant was competent to stand trial.

Appellant first contends that the trial court erred in failing to conduct a hearing prior to trial on the issue of appellant's competency to stand trial and further that the court also erred in failing to make a judicial finding and determination of appellant's competency. Appellant's contentions are based upon Burns' Ind. Stat., 1971 Supp., § 9-1706a, which reads as follows:

"When at any time before the trial of any criminal cause or during the progress thereof and before the final submisson of the cause to the court or jury trying the same, the court, either from his own knowledge or upon the suggestion of any person, has reasonable ground for believing the defendant to be insane, he shall immediately fix a time for a hearing to determine the question of the defendant's sanity and shall appoint two [2] competent disinterested physicians who shall examine the defendant upon the question of his sanity and testify concerning the same at the hearing. At the hearing, other evidence may be introduced to prove the defendant's sanity or insanity. If the court shall find that the defendant has comprehension sufficient to understand the nature of the criminal action against him and the proceedings thereon and to make his defense, the trial shall not be delayed or continued on the ground of the alleged insanity of the defendant. If the court shall find that the defendant has not comprehension sufficient to understand the proceedings and make his defense, the trial shall be delayed or continued on the ground of the alleged insanity of the defendant. If the court shall find that the defendant has not comprehension sufficient to understand the proceedings and make his defense, the court shall order the defendant committed to the department of mental health, to be confined by the department in an appropriate psychiatric institution. Whenever the defendant shall become sane the superintendent of the state psychiatric hospital shall certify the fact to the proper court, who shall enter an order on his record directing the sheriff to return the defendant, or the court may enter such order in the first instance whenever he shall be sufficiently advised of the defendant's restoration to sanity. Upon the return to court of any defendant so committed he or she shall then be placed upon trial for the criminal offense the same as if no delay or postponement has [had] occurred by reason of defendant's insanity. [Acts

1951, ch. 238, § 2, p. 682; 1961, ch. 151, § 2, p. 329; 1963, ch. 91, § 1, p. 58; 1967, ch. 291, § 2, p. 946.]"

Appellant cites *People* v. *Heidman* (1967), 38 Ill. 2d 466, 231 N. E. 2d 457 and *People* v. *Chatman* (1967), 36 Ill. 2d 305, 223 N. E. 2d 110 for the proposition that if the court has reason to suspect that an accused is incompetent a hearing must be conducted. In the *Heidman* case appellant urged that matters occurring at the trial raised a sufficient doubt as to her competency to stand trial. The Illinois court held that what had occurred was not enough to raise such a doubt. In the *Chatman* case the court stated that where there was a doubt as to the accused's competency it was the duty of the trial court either on its own motion or motion of counsel to determine whether there was sufficient facts to raise a bona fide question of the accused's mental capacity, and in the event of a finding of the existence of such a question the court was required to impanel a jury to resolve such question. We note that in both of the above cited cases there was evidence which might have indicated that the accused was incompetent. However, in the case at bar there was no evidence whatsoever that the accused was incompetent. The mere fact that the accused himself requested a psychiatric examination constitutes no evidence of his mental condition. When his request was granted, psychiatrists were appointed and their report to the trial court was that appellant was competent to stand trial.

Appellant cites *Pate* v. *Robinson* (1966), 383 U. S. 375, 15 L. Ed. 2d 815, 86 S. Ct. 836, for the proposition that he was entitled to a hearing on his sanity. We would point out, however, that in the *Pate* case the court held that there must be a hearing when the evidence raises a bona fide doubt as to the defendant's competency to stand trial. In the case at bar there was no such evidence. The only evidence before the trial court concerning appellant's competency to stand trial was that he was in fact competent. We, therefore, hold the

trial court did not err when it did not conduct a hearing on the matter.

Appellant also contends that a copy of the medical reports of the psychiatrists were not furnished him. The record reveals that three copies of each report were ordered by the court. There is nothing in the record to indicate that the appellant requested a copy nor is there anything in the record to indicate the trial court refused to give him a copy. There is, therefore, nothing in this record upon which any determination can be made as to appellant's contention. We would also further note that appellant does not allege nor does the record in any way show that he was harmed in any way if he in fact failed to obtain a copy of the report.

Appellant claims the trial court erred in failing to give his tendered instructions numbered 3 and 4, which instructions read as follows:

"3. The crime of malicious trespass is a lesser included offense in the affidavit, charging the defendant with second degree burglary."

"4. It is a crime under the statute of the State of Indiana for a person to maliciously or mischievously cause to be injured, any property of another.

"This is called malicious trespass, and on conviction, that person may be fined a sum equal to two-fold of the damage done, or a fine of not less than $5.00 nor more than $150.00, or imprisoned in the County Jail or penal farm for not more than 12 months."

An accused is not entitled to an instruction with reference to an offense which is not a lesser included offense. *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537, 1 Ind. Dec. 158. The elements of malicious trespass are (a) maliciously or mischievously (b) injuring or causing to be injured (c) the property of another. The elements of second degree burglary are (a) breaking and entering into (b) any building other than a dwelling house (c) with the intent to commit a felony therein. The test of determining whether a particular offense is a lesser included offense is that the

lesser offense must be such that it is impossible to commit the greater offense without first having committed the lesser offense. *Nye* v. *State* (1971), 256 Ind. 219, 267 N. E. 2d 842, 25 Ind. Dec. 174; *Thomas* v. *State* (1970), 254 Ind. 600, 261 N. E. 2d 588, 22 Ind. Dec. 535. In applying these principles we conclude that malicious trespass is not a lesser included offense of second degree burglary. Although malicious trespass may have been committed by the appellant, it was not charged. The state exercised its prerogative in charging the crime of second degree burglary. There is ample evidence in this record to support the jury's verdict of the lesser included offense of entering to commit a felony. The trial court did not err in refusing appellant's tendered instructions numbered 3 and 4.

The trial court is affirmed.

Arterburn, C. J. and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 284 N. E. 2d 81.