GEORGE SWANEY *v.* STATE OF INDIANA

[No. 1-677A115. Filed April 11, 1978.]

*Harriette Bailey Conn, (Mrs.)*, Public Defender of Indiana, *Lawrence D. Giddings*, Special Deputy, *Bobby Jay Small*, Deputy Public Defender, *David P. Fruend*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Daniel Lee Pflum*, Deputy Attorney General, for appellee.

LOWDERMILK, J. — Defendant-appellant, George Swaney (Swaney), was tried by jury and convicted of the crime of first degree burglary.[1] Swaney's appeal to this court presents the following issues for our review:

1. Whether the trial court erred in overruling his pre-trial motion to suppress.

2. Whether the evidence is sufficient to sustain his conviction.

3. Whether evidence of flight was properly admitted, and the jury was properly instructed thereon.

4. Whether the trial court erred in refusing his instruction No. 3 on lesser included offenses.

---

1. IC 1971, 35-13-4-4(a) (Burns Code Ed.).

5. Whether the trial court erred in admitting State's Exhibit No. 9.

The facts most favorable to the State are as follows: On April 15, 1976, Swaney and his companions accompanied Officers Tharp and Taylor to the Tell City Police Department to answer questions concerning the burglary of the home of a local resident—William H. Huff.

Huff testified that when he returned to his home in the evening his front door chain had been cut, and his C.B. radio was missing.

Violet Aders testified that on the day of the burglary she observed Swaney approach the front door of Huff's home and thereafter heard clanging metal sounds.

While at the Tell City Police Department, and after being advised of his *Miranda* warnings, Swaney admitted being at Huff's residence the day of the burglary, but denied entering the house and taking the C.B. radio. Thereafter, the police took statements from Swaney's companions. The police thereafter questioned Swaney once again concerning the burglary after advising him of his *Miranda* rights. Before confessing to the crime of which he was ultimately charged, Officer Tharp either informed Swaney that the statement he had theretofore given the police was inconsistent with the statement given by his companions, or, that his companions had implicated him in the crime.

## I.

Swaney contends that the inculpatory statement he gave the police was the result of fraud or trickery, and therefore involuntary.

When the voluntariness of a confession is called into issue, a heavy burden rests upon the State to prove the voluntary character of the confession. *Ashby v. State* (1976), 265 Ind. 316, 354 N.E.2d 192. Deception or trickery promulgated by police in an effort to obtain a confession from a defendant is a factor which should weigh heavily against a finding of voluntariness. *Accord, Milton v. Wainwright* (1972), 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1.

From Swaney's brief, it appears to be his position that Officer Tharp misrepresented to him the nature of his companions' statements thereby rendering his subsequent confession involuntary.

The record discloses that the testimony was conflicting as to exactly what Officer Tharp told Swaney his companions had said. Officer Tharp, during cross-examination, testified as follows:

"* * *

Q   Now you questioned Mr. Swaney twice?

A   Yes.

Q   And in the intervening period of time, you questioned the people who were with him in the car?

A   Yes.

Q   And isn't it true when Mr. Swaney gave you the statement implicating him in this, he did so after you told him that his companions had advised you that he in fact did break into the house, is that right?

A   I told him what they had said to me. That he had went into the house and brought out the CB radio.

Q   You didn't tell Mr. Swaney that they had implicated him in the crime or that they advised you that he had committed the crime which he confessed of?

A   I told him what they said to me, yes.

Q   What did you tell him?

A   I told him that they said he had went into the residence and brought out a CB radio.

* * *"

When called upon to review a trial court's finding that a confession was voluntarily given, we will not weigh the evidence or resolve questions concerning the credibility of witnesses, rather, we review the evidence to determine if there was substantial evidence of probative value to show that the confession was knowingly, intelligently and voluntarily given. *Smith v. State* (1975), 165 Ind. App. 291, 332 N.E.2d 121.

We are of the opinion that the trial court did not err in finding that Swaney's confession was voluntarily given. The trial court, from the record we have before us, could have reasonably concluded that Officer Tharp told Swaney nothing other than what Swaney's companions

had told him. Such a statement, in the opinion of this court, would not be fraud or trickery as contended by Swaney.

## II.

Swaney's contention that the judgment of the trial court was not supported by sufficient evidence is premised upon his contention that the trial court erroneously admitted into evidence his inculpatory statement. We have heretofore determined that Swaney's confession was properly admitted into evidence; therefore, we think it unnecessary to further discuss this assignment of error.

## III.

Swaney contends that the trial court erred in admitting into evidence testimony concerning his failure to appear at a scheduled hearing, and his subsequent bond forfeiture. It is Swaney's contention that since this evidence did not show flight from arrest it was improperly admitted.

The record discloses that on September 15, 1976, the trial court entered an order commanding Swaney to appear for a hearing set for September 17, 1976. When Swaney failed to appear for the hearing, the trial court ordered his bond forfeited. When the agent for the surety company first contacted Swaney, not being able to recognize Swaney by sight, he was informed by Swaney himself that the man he was looking for could be found at another address. When the agent reached the address which Swaney had given him, he was informed that Swaney had gone to Canada. The agent—after realizing he had made a mistake went back to where he had first contacted Swaney accompanied by two police officers; whereupon, Swaney was arrested after again attempting to conceal his identity.

Evidence of flight is properly admitted into evidence because of its relevancy as tending to show a consciousness of guilt on the part of a defendant. As stated in *Atkins v. State* (1974), 159 Ind. App. 387, 307 N.E.2d 73 at 76:

". . . Evidence of flight or other actions calculated to hide a crime or *effect an escape* is admissible as evidence of guilt. It is for the trier of fact to assign the weight to such evidence. *Turner v. State* (1970), 255 Ind. 427, 429, 265 N.E.2d 11. . . ." (Our emphasis)

It is the opinion of this court that Swaney's actions can properly be viewed as a clandestine attempt to perfect an escape, and consequently a form of flight, upon which evidence was properly introduced at trial and upon which the jury was properly instructed.

Swaney's contention that the instruction on flight invaded the province of the jury was not presented to the trial court in his motion to correct errors; therefore, he presents no issue for this court to review. Ind. Rules of Procedure, Trial Rule 59(G).

## IV.

Swaney contends the trial court erred in failing to instruct the jury on the lesser included offenses of first degree burglary: theft and malicious trespass.

It has heretofore been determined that malicious trespass is not a lesser included offense of second degree burglary. *Cook v. State* (1972), 258 Ind. 667, 284 N.E.2d 81. We are of the opinion that the breaking and entering occurring in a place of human habitation, rather than some other type of structure, would not alter the holding of *Cook.*

As concerns Swaney's contention as it relates to the crime of theft, we note first that Swaney was not separately charged with theft, but only first degree burglary. Therefore, we must apply the test found in *Cook, supra,* at Ind. 671-72, N.E.2d 84 on lesser included offenses which states the rule as follows:

"... The test of determining whether a particular offense is a lesser included offense is that the lesser offense must be such that it is impossible to commit the greater offense without first having committed the lesser offense. . . ."

Since it is possible for a person to commit first degree burglary without first having committed the crime of theft, it is the opinion of this court that the trial court did not err in refusing Swaney's instruction on theft.

## V.

Swaney contends that the trial court erred in admitting into evidence

State's Exhibit No. 9, Huff's stolen C.B. radio, over his objection that a proper chain of custody had not been established.

The record discloses that following Swaney's confession, he accompanied Officer Taylor to the location where Huff's C.B. radio could be found. After the C.B. radio was retrieved, it was placed and remained continuously in a locked property room until trial. Swaney did show that the keys to the property room were rather easily accessible, however, there was no evidence that the C.B. radio had been removed from the property room since its deposit therein by Officer Taylor. Further, Officer Taylor testified that he had seen the C.B. radio from 30-50 times in the property room since the initial deposit.

It is the opinion of this court that State's evidence strongly suggests the whereabouts of Exhibit No. 9 from the time of its seizure until trial. It is unnecessary, particularly in the case of non-fungible items, that all possibility of tampering be excluded before an item of evidence may properly be admitted into evidence. *Smith, supra.* The trial court committed no error in admitting into evidence State's Exhibit No. 9.

Judgment affirmed.

Lybrook, P.J. and Robertson, J. concur.

NOTE—Reported at 374 N.E.2d 554.