Thomas Henry FULLER, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1178S275.

Supreme Court of Indiana.

July 19, 1979.

Harriette Bailey Conn, Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen. of Ind., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Petitioner) is before this Court appealing the denial of his petition for post conviction relief.

He was convicted of First Degree Murder, Ind.Code § 35–13–4–1 (Burns 1975) in a trial by jury and sentenced to life imprisonment. His conviction was affirmed by this Court. *Fuller v. State*, (1973) 261 Ind. 376, 304 N.E.2d 305. On this appeal he raises the following issues:

(1) Whether the trial court erred in not holding a hearing to determine defendant's competency to stand trial.

(2) Whether the trial court erred in finding the defendant to have been sane at the time of the alleged offense and capable of forming the requisite intent.

 At the outset, we note that the petitioner in a post-conviction proceeding has the burden of proving his grounds for relief by a preponderance of the evidence. Post Conviction Rule 1, Section 5. The judge hearing the petition weighs the evidence and judges the credibility of the witnesses; his determination will be reversed only where the evidence is without conflict and leads unerringly to a result other than that reached by the trial court. *Carroll v. State*, (1976) 265 Ind. 423, 355 N.E.2d 408.

\*　　\*　　\*　　\*　　\*　　\*

### ISSUE I

 In support of his contention that the court erred in failing to hold a competency hearing, the defendant cites Ind.Code § 35–5–3.1–1 (Burns 1975) which requires such a hearing if the court has "reasonable ground" to believe that the defendant is insane. In the case at bar, defendant filed a special plea of temporary insanity. Thereupon, the trial court appointed two psychiatrists to examine the defendant. Both reported that he was sane at the time of the homicide and competent to stand trial. Under such circumstances, there was no necessity for a hearing, because there was no reasonable ground to believe that the defendant was incompetent to stand trial. Defendant's reliance on language in *Summers v. State*, (1972) 153 Ind.App. 107, 285 N.E.2d 830 is misplaced. That decision states that the trial court has a duty to make further inquiry after a defendant's competence has been substantially questioned. However, in the case at bar Defendant has failed to refer us to any part of the trial record where his competency to stand trial was "substantially questioned." The only evidence before the court upon the question was that he was competent to

stand trial. His plea of temporary insanity did not imply incompetency at the time of the plea; it asserted only that he was mentally deranged at the time the offense was committed. The facts of this case more nearly resemble those of *Adams v. State*, (1979) Ind., 386 N.E.2d 657, wherein it was stated at 659–660:

"The right to a competency hearing is not absolute and the mere appointment of two physicians to examine a defendant does not automatically invoke the statutory procedure set out in Ind.Code § 35–5–3.1–1. *Montague v. State* (1977) Ind. [56 Ind.Dec. 444], 360 N.E.2d 181; *Brown v. State* (1976) 264 Ind. 484 [52 Ind.Dec. 455], 346 N.E.2d 559. The statute and due process considerations only require that a hearing take place where the evidence before the court raises a bona fide or reasonable doubt as to the defendant's sanity. *Pate v. Robinson* (1966) 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; *Cook v. State* (1972), 258 Ind. 667 [31 Ind.Dec. 558], 284 N.E.2d 81. In the present case, the only evidence actually before the court was the report submitted by the only psychiatrist who was able to examine appellant. This doctor opined that appellant was legally competent. The mere fact that appellant filed his suggestion of insanity does not constitute evidence of his mental condition. *Cook, supra* at 258 Ind. 670 [31 Ind.Dec. 558], 284 N.E.2d 83. As the only real evidence before the court indicated sanity rather than insanity, the court was justified in not holding a hearing. *See Parsley v. State*, (1976) Ind. [54 Ind.Dec. 545], 354 N.E.2d 185; *Brown v. State*, (1976) Ind. [52 Ind.Dec. 455], 346 N.E.2d 559."

### ISSUE II

■ Defendant asserts that he was insane at the time of the alleged offense and incapable of forming the requisite intent. He relies upon the testimony of Dr. Boen, who stated at trial that it was his opinion that the defendant was insane at the time of the homicide, due to alcohol consumption and his underlying personality disorders.

However, it was the testimony of two other psychiatrists that defendant was sane at the time in question. As we have repeatedly stated, this Court will not reweigh the evidence on appeal. *Baum v. State*, (1976) 264 Ind. 421, 345 N.E.2d 831. The contention is without merit.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.