James Lee LIKE, Appellant
(Defendant Below)

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–1280A389.

Court of Appeals of Indiana,
Third District.

Oct. 28, 1981.
Rehearing Denied Dec. 14, 1981.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

James Lee Like appeals from the denial of his petition for post-conviction relief raising the following issues:

(1) whether the trial court erred in finding that Like had made a motion for default judgment at the post-conviction hearing;

(2) whether the trial court erred in finding that Like had not proven by the preponderance of the evidence that his competency was not determined in accordance with IC 1971, 35–5–3.1–1 (Burns 1979 Repl.);

(3) whether the trial court erred in relying on psychiatrists' reports which were not made a part of the record of

proceedings nor stipulated to as part of the post-conviction proceedings; and

(4) whether the trial court erred in finding that Like could not have been harmed by the failure to determine his competency at the time he waived his right to a speedy trial.

On September 7, 1977 James Like was charged with commission of a felony while armed with a dangerous weapon in violation of IC 1971, 35–12–1–1 (now repealed). On September 15, 1977 the public defender representing Like filed a petition to determine Like's competency to stand trial. The trial court granted the petition and ordered Like to be examined by the Indiana Department of Mental Health. A report, signed by only one physician, finding Like competent to stand trial, was filed on October 21, 1977. On November 1, 1977 Like entered pleas of not guilty and not guilty by reason of insanity and made a motion for a speedy trial. Like waived his right to a speedy trial on January 3, 1978 and was transferred to Logansport State Hospital pursuant to a civil commitment which had been previously filed. On January 18, 1978, upon learning that the civil commitment had terminated, the court ordered Like returned to St. Joseph County for trial. Following another petition for determination of competency and examinations by two physicians, Like was declared incompetent to stand trial on June 5, 1978 and was ordered transferred to the Department of Mental Health. Eventually, after various plea negotiations, Like entered a guilty plea to a charge of entering to commit a felony.

■ It should be noted initially that this appeal arises from Like's second petition for post-conviction relief. The issues raised in the second petition differ from those in the first petition. In the first petition, Like verified the following statement:

"I, *James Like*, being duly sworn upon my oath, depose and say that I have subscribed to the foregoing petition; that I know the contents thereof; that it includes every ground known to me for vacating, setting aside or correcting the conviction and sentence attached in this motion; and that the matters and allegations therein set forth are true."

Therefore, if indeed the issues raised in the second petition were available to be included in the first petition, they are waived. *See e.g., Jewell v. State* (1979), Ind., 397 N.E.2d 946.

It appears from the transcript of the second post-conviction petition hearing that Like felt that he was somehow tricked into waiving his right to a speedy trial. Like contends that both the prosecutor and the defense attorney had access to certain letters in which the Logansport State Hospital revealed that Like had been released from the civil commitment sometime before January 3, 1978. According to Like, he was under the impression that he had made an agreement with the prosecutor in which he would be sent back to the hospital for treatment in exchange for Like's waiver of his right to a speedy trial. Like argues that both the prosecutor and defense attorney were aware that the civil commitment had terminated and anticipated that he would be brought back to St. Joseph County within a short period of time. At the time Like was returned to St. Joseph County, he would no longer have a right to a speedy trial.

■ Like stated in the second post-conviction petition hearing that he was not made aware of the fact that he had been officially discharged from the civil commitment until after the trial court had ruled on his first petition for post-conviction relief. There appears to be no Indiana case which explicitly sets out the circumstances which must be present at the time the second petition is filed in order to avoid waiver of the issues. It is apparent however that the requirements for a second petition for post-conviction relief based on newly discovered evidence should be the same as the requirements for other requests for a new trial based on newly discovered evidence. These requirements were recently stated by Justice Prentice in *Bradburn v. State* (1981), Ind., 425 N.E.2d 144 as follows:

"To sustain a claim for a new trial based on newly discovered evidence, a petitioner must show (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that it could not, by due diligence have been discovered in time for trial; (7) that it is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result."

(*citing Emerson v. State* (1972), 259 Ind. 399, at 407, 287 N.E.2d 867, at 871–872) (425 N.E.2d at 146). Like has failed to meet these requirements. His arguments will be addressed on the merits, however, only because these standards have not previously been applied to second petitions for post-conviction relief.

■ Like first asserts as error the trial court's finding that he made a motion for default judgment on the date of his post-conviction hearing. The record reveals that Like did complain to the trial court that the State did not file an answer to his second petition until 110 days after the petition was filed. Like also requested the trial court to recognize the principles set down in *Lloyd v. State* (1979), Ind., 383 N.E.2d 1048. One of the issues in *Lloyd* was the State's failure to respond to a second-amended petition for post-conviction relief. Based on Like's complaint and request, the trial court was justified in concluding that Like was making a motion for default judgment. Additionally, even if such a conclusion would have been erroneous, Like has failed to even suggest how he might have been prejudiced by the conclusion.

■ Like next argues that the trial court erred in finding that he had not proved by a preponderance of the evidence that in the fall of 1977, two doctors had not examined him as to his competency. While it is true that the court erred in finding that Like had failed to prove by the preponderance of the evidence that he had not been examined by two psychiatrists, the error is harmless. Like petitioned the court to be placed in the custody of the Department of Mental Health for 90 days after which time the Department would report to the court with a determination of Like's fitness to stand trial. The court granted the petition with the exception of requiring the report to be filed within 45 days. The report, filed by Dr. Brignoni indicated that Like had been examined by the staff and "it is our findings that Mr. Like is competent to stand trial, understands the charge of robbery against him and is able to assist his attorney in his own defense." Based upon this report the trial court found no bona fide question regarding Like's competency and scheduled arraignment.

■ The fact that Like's petition to have his fitness to stand trial determined by the Department of Mental Health was granted by the trial court does not automatically invoke the statutory procedures of IC 1971, 35–5–3.1–1. In an analogous case, *Adams v. State* (1979), Ind., 386 N.E.2d 657, the Indiana Supreme Court was presented with a situation in which a defendant filed a suggestion of insanity prior to trial. The trial court appointed two physicians to examine the defendant. One physician reported that the defendant had sufficient comprehension to understand the nature of the proceedings and to assist in his defense. The defendant refused to be examined by the second doctor. A third physician was appointed but the defendant again refused to cooperate. In determining if the trial court erred in failing to hold a competency hearing, the Court stated:

"The right to a competency hearing is not absolute and the mere appointment of two physicians to examine a defendant does not automatically invoke the statutory procedure set out in Ind.Code § 35–5–3.1–1. *Montague v. State*, (1977) [266] Ind. [51] 360 N.E.2d 181; *Brown v. State*, (1976) 264 Ind. 484, 346 N.E.2d 559. The statute and due process considerations only require that a hearing take place where the evidence before the court raises a bona fide or reasonable doubt as to the defendant's sanity. *Pate v. Robinson*, (1966) 383 U.S. 375, 86 S.Ct. 836, 15

L.Ed.2d 815; *Cook v. State*, (1972) 258 Ind. 667, 284 N.E.2d 81. In the present case, the only evidence actually before the court was the report submitted by the only psychiatrist who was able to examine appellant. This doctor opined that appellant was legally competent. The mere fact that appellant filed his suggestion of insanity does not constitute evidence of his mental condition. *Cook, supra* at 258 Ind. 670, 284 N.E.2d 83. As the only real evidence before the court indicated sanity rather than insanity, the court was justified in not holding a hearing. *See Parsley v. State*, (1976) [265] Ind. [297] 354 N.E.2d 185; *Brown v. State*, (1976) Ind., 346 N.E.2d 559."

386 N.E.2d at 659–660.

Like did not petition the trial court for the appointment of two psychiatrists. The court's granting the petition to have Like examined by the Department of Mental Health did not automatically invoke the procedures of IC 1971, 35–5–3.1–1. The evidence before the court indicated that Like, pursuant to his request, had been examined by the staff of Logansport State Hospital, and that it was the consensus of the staff that Like was competent. The trial court did not err in failing to appoint two additional psychiatrists to examine Like.

■ Like next asserts as error the trial court's reliance on reports of Dr. Hogle and Dr. Urutti which were not made a part of the record nor stipulated to during the post-conviction proceedings. A review of the trial court's findings reveals that the reports of Dr. Hogle and Dr. Urutti were mentioned to demonstrate to this Court that any error made by the trial court in concluding that Like was competent, based on the report of the Department of Mental Health, was harmless error. Inasmuch as it has been determined that the trial court did not err in its utilization of the Department's report, any error with regard to the reports of Dr. Hogle and Dr. Urutti is harmless.

■ Finally, Like argues that the trial court erred in finding that he could not have been harmed by a lack of a determination of his competency prior to waiving his right to a speedy trial. After the report finding Like competent was filed with the court on October 21, 1977, the trial court found no bona fide question regarding Like's competency. The record reveals nothing which would indicate to the trial court that Like's mental capacities had materially changed between the time the Department of Mental Health filed its report and the time Like waived his right to a speedy trial. Although Like pleaded not guilty by reason of insanity during this interval, such a plea does not in itself raise a reasonable basis for believing a defendant to be incompetent. *Dragon v. State* (1979), Ind., 383 N.E.2d 1046 *cert. denied* 442 U.S. 912, 99 S.Ct. 2828, 61 L.Ed.2d 279. Where it has been determined that a defendant is competent to stand trial, and there is no event or occurrence subsequent to that finding to indicate a change in a defendant's mental condition, an additional hearing on competency is not required. *See e.g., Malo v. State* (1977), 266 Ind. 157, 361 N.E.2d 1201. A trial court is vested with discretion to determine if reasonable grounds exist for believing that a defendant is incompetent. A trial court's decision in this regard will be reviewed only for an abuse of discretion. *Dragon v. State, supra.* Apparently the trial court felt that there existed no reasonable grounds for believing that Like was incompetent at the time of the waiver. Based on the report of the Department of Mental Health and the trial court's opportunity to observe Like, it cannot be said that the trial court abused its discretion in failing to make a specific determination of Like's competency just prior to the waiver.

For the above reasons the judgment of the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ. concur in result.