John E. BELL, Petitioner-Appellant,

v.

STATE of, Indiana,
Respondent-Appellee.

No. 1–884A192.

Court of Appeals of Indiana,
First District.

Jan. 24, 1985.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

RATLIFF, Presiding Judge.

### ISSUE

This case presents the question of whether or not a criminal defendant may maintain a post-conviction remedy petition under Indiana Rules of Procedure, Post Conviction Remedy Rule No. 1, based upon grounds which either were presented or could have been presented in a *coram nobis* proceeding unsuccessfully brought by the petitioner some twenty years earlier and from which no appeal was taken. We hold he may not and affirm the judgment of the trial court.

### FACTS

John E. Bell was charged with vehicle taking and conspiracy to commit a felony by affidavit filed April 3, 1962. On the same day, he appeared without counsel and entered a plea of guilty to vehicle taking. A pre-sentence investigation report was filed and on April 10, 1962, Bell was sentenced to an indeterminate term of not less than one nor more than ten years on the vehicle taking charge. The state then dismissed the conspiracy count.

On January 14, 1963, Bell filed a petition for writ of error *coram nobis*, upon which an evidentiary hearing was held on September 12, 1963, and which petition was denied on September 20, 1963. Bell did not prosecute an appeal from this decision.

On September 27, 1983, twenty years after the denial of his *coram nobis* petition, Bell filed his present petition for post-conviction relief alleging his guilty plea was not knowingly and voluntarily entered because he was not properly advised of his right to counsel, did not knowingly waive his right to counsel, and because no factual basis for his guilty plea was established. According to Bell's own testimony, these were the very same issues raised in his *coram nobis* petition.

The trial court heard Bell's post-conviction petition and denied it making, *inter alia*, the following findings and conclusions:

"7. That on or about January 14, 1963, Bell filed a Petition for Writ of Error Coram Nobis (the 'Petition for the Writ'). On or about September 12, 1963, a hearing at which Bell was represented by counsel, Richard Wilder was held on the matters raised by the Petition for the Writ. The Petition for the Writ was overruled by the Court on or about September 20, 1963. Bell did not appeal this ruling. Docket entries regarding the Petition for the Writ exist, but transcript of the hearing or copies of documents filed in connection with that hearing are no longer available due to lapse of time.

. . . .

11. Any and all matters which could have been raised in the Petition for Writ of Corum [sic] Nobis are waived in this proceeding. The State is not required to prove which matters were in fact raised since it is not the fault of the State, twenty-one and a half years later, that the briefs and transcripts to that proceeding are now gone.

. . . .

13. Bell is now estopped to withdraw his plea of guilty or otherwise to assert

that his guilty plea was not knowing, voluntary or intelligent."

Record at 49–51.

## DISCUSSION AND DECISION

It has been clearly held that where a defendant's first petition for post-conviction relief raised an issue, or could have raised an issue then available, and the defendant did not appeal from the denial of that petition, he cannot thereafter raise the same issues in a subsequent petition. *Jewell v. State* (1979), 272 Ind. 317, 397 N.E.2d 946; *Like v. State* (1981), Ind.App., 426 N.E.2d 1355, *trans. denied.*

We believe the rule announced in *Jewell* and *Like* is equally applicable here. Our Post-Conviction Rule No. 1 supersedes all former procedures for obtaining post-conviction relief specifically including the writ of error *coram nobis*. 4A Bagni, Giddings, & Stroud, *Ind. Practice, Appellate Procedure,* § 241. Thus, Bell's 1963 petition for writ of error *coram nobis* may be viewed as his first petition for post-conviction relief. The issues raised in the current petition were available to him then, and, by his own admission, were raised in the 1963 petition. He did not appeal from the denial of that petition. Thus, he cannot raise the same issues in this second petition for post-conviction relief. *Jewell; Like.*

Because of our decision herein, we do not reach the merits of Bell's petition.

Judgment affirmed.

NEAL and ROBERTSON, JJ., concur.