## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 19 2019, 11:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY PRO SE

Ellis Thomas
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ellis Thomas, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 19, 2019 <br><br> Court of Appeals Case No. 18A-CR-1172 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Thomas Newman, Judge <br><br> Trial Court Cause No. 48D03-9512-CF-426 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Petitioner, Ellis Thomas (Thomas), appeals the trial court's denial of his Motion for New Trial or Petition for Writ of Error *Coram Nobis*.

We dismiss.

# ISSUE

Thomas presents three issues on appeal, only one of which we find to be dispositive: Whether the trial court erred when it denied his Motion for New Trial or Petition for Writ of Error *Coram Nobis*.

# FACTS AND PROCEDURAL HISTORY

The facts of the underlying offenses, as originally charged under Cause Number 48D03-9512-CF-000426 (Cause No. 426) and as found by our supreme court, are as follows:

> In the early morning hours of October 3, 1993, Marvin McCloud and Damon Nunn were seated in McCloud's car in the parking lot of an after-hours night club. Thomas, along with his brother Walter Goudy, a cousin Lamont Thomas, and an acquaintance Kaidi Harvell, saw McCloud's car and devised a plan to take the rims and tires. As McCloud began to drive away, two gunmen approached the car with handguns drawn and began firing. McCloud died as a result of a gunshot wound to the chest. Nunn survived the fusillade although he was severely injured by five gunshot wounds to the face, chest, and leg. All four men were charged in the shootings. Under terms of an agreement, Harvell pleaded guilty to assisting a criminal. He testified at trial that Thomas and Goudy were the shooters. At a separate trial, in

which Harvell also testified, Goudy was convicted of murder, attempted murder, attempted robbery, and attempted carjacking. *See Goudy v. State*, 689 N.E.2d 686 (Ind. 1997).

While Goudy's case was pending, Thomas wrote a letter to the presiding judge claiming that he, and not Goudy, was responsible for shooting McCloud and Nunn. In fact, Thomas claimed that he and Harvell were the shooters. Thomas also telephoned Goudy's attorney making the same representation. The conversation was recorded. Over Thomas' objection at trial, the State introduced into evidence both the letter and the recorded conversation. Ultimately the jury returned a verdict of guilty as charged, and the trial court sentenced Thomas to 110 years in prison.

*Thomas v. State*, 734 N.E.2d 572, 573 (Ind. 2000).

[5] On February 13, 2002, Thomas filed a petition for post-conviction relief (PCR) which the trial court allowed him to withdraw without prejudice on November 5, 2004. On August 13, 2007, Thomas filed a second petition for post-conviction relief under Cause Number 48D03-0708-PC-000204 (Cause No. 204). On November 10, 2011, Thomas filed an amended PCR in Cause No. 204. On March 26, 2012, the trial court held a hearing on Thomas' amended PCR. On June 28, 2012, the trial court entered its Order denying Thomas' amended PCR. On April 12, 2013, Thomas filed his Notice of Appeal from the denial of his PCR. On November 20, 2013, this court dismissed Thomas' appeal with prejudice due to his failure to pursue the timely issuing of the transcript of the proceedings.

On July 26, 2017, Thomas filed his Motion for New Trial or Petition for Writ of Error *Coram Nobis* under Cause No. 426[1] in which he challenged his convictions based on claims of new evidence, prosecutorial misconduct, due process violations, and insufficiency of the evidence to support his convictions. On April 2, 2018, the trial court held a hearing on Thomas' petition. The State argued that Thomas' petition should be denied because it constituted a successive PCR which he had not obtained leave of this court to file. At the conclusion of the April 2, 2018, hearing, the trial court denied Thomas' petition.

Thomas now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Thomas argues that his Motion for New Trial or Petition for Writ of Error *Coram Nobis* was properly before the trial court. The State counters that the writ of error *coram nobis* was superseded by the adoption of Indiana's post-convictions rules and procedures. We agree with the State.

A writ of error *coram nobis* is a writ "directed to a court for review of its own judgment predicated on alleged errors of fact." Black's Law Dictionary 362 (8th ed. 1999). The writ of error *coram nobis* was formerly a vehicle for challenging

---

[1] While pursuing his PCR under Cause No. 204, Thomas also challenged the validity of his convictions in Cause No. 426. On January 18, 2012, Thomas filed a *pro se* Motion to Set Aside Conviction and Vacate Sentence which seemingly stalled when he was granted a continuance of the proceedings to issue subpoenas. In addition, On July 17, 2015, Thomas filed a State Writs of Habeas Corpus Relife [sic] which the trial court dismissed on September 18, 2015.

the validity of a defendant's convictions and sentence. *See*, *e.g.*, *State ex rel. Kunkel v. Circuit Court of La Porte Cty.*, 209 Ind. 682, 685, 200 N.E. 614, 615 (1936). However, in 1969, Indiana adopted its Rules of Post-Conviction Remedies which provide those who have been convicted of or sentenced for a crime a means of challenging the conviction or sentence on a variety of grounds. *See* Ind. Post-Conviction Rule 1(1)(a). Post-conviction Rule 1(1)(b) provides in relevant part:

> Except as otherwise provided in this Rule, it comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence and it shall be used *exclusively* in place of them.

(emphasis added); *see also Bell v. State*, 473 N.E.2d 635, 636 (Ind. Ct. App. 1985) ("Our Post-Conviction Rule No. 1 supersedes all former procedures for obtaining post-conviction relief specifically including the writ of error *coram nobis*."). Post-Conviction Rule 1, Section 12, mandates that a petitioner who wishes to file a second, or successive, PCR must petition for authorization from the appellate court to do so. *See Young v. State*, 888 N.E.2d 1255, 1257 (Ind. 2008) (holding that when a "petition is not the first for post-conviction relief a petitioner has filed, that petitioner must follow the procedure outlined in P-C.R. 1(12) for filing successive petitions.").

[10] Here, Thomas had already pursued a direct appeal of his convictions by the time he filed his Motion for New Trial or Petition for Writ of Error *Coram Nobis* challenging his convictions on a variety of grounds. As such, his Motion for

New Trial or Petition for Writ of Error *Coram Nobis* was in the nature of a PCR, no matter how he titled it. *See Bell*, 472 N.E.2d at 636 (treating Bell's petition for writ of error *coram nobis* as a PCR). Thomas also had already pursued a PCR in Cause No. 204 which was denied in 2012, and his appeal from that denial was dismissed by this court in 2013. Therefore, the instant petition was a second, or successive PCR, which he was required to seek leave of the appellate court for permission to file. *See* P-C.R. 1(12). Thomas did not seek that permission before filing his second PCR, and, thus, we dismiss Thomas' appeal, with prejudice, for lack of jurisdiction.

# CONCLUSION

[11] Based on the foregoing, we conclude that Thomas' Motion for New Trial or Petition for Writ of Error *Coram Nobis* was an unauthorized successive PCR, and we dismiss the instant appeal for lack of jurisdiction.

[12] Dismissed.

[13] Kirsch, J. and Robb, J. concur