JAMES MALO A/K/A JAMES MARLO A/K/A JOHN DOE A/K/A BILLY FLOURNOY *v.* STATE OF INDIANA.

[No. 476S123. Filed April 15, 1977.]

*Timothy M. Swan, Spangler, Jennings, Spangler & Dougherty,* of counsel, of Crown Point, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted of inflicting an injury while engaged in the commission of a robbery (Ind. Code 1971, § 35-13-4-6) and was sentenced to life imprisonment. His appeal presents the following three issues:

(1) Did the trial court err in failing, during the trial, to adjourn *sua sponte* and order a hearing to determine the defendant's competence to stand trial?

(2) Did the trial court err in failing to declare a mistrial *sua sponte,* for prosecutorial misconduct during final argument?

(3) Did the trial court err in denying the defendant's tendered instruction No. 1, which instruction purported to advise as to the post-trial procedures in the event of a verdict of not guilty by reason of insanity?

## ISSUE I

The crime was committed on June 25, 1974. A plea of not guilty was entered on July 31, 1974. Following a series of delays not material to the issues herein, a suggestion of the defendant's incompetence to stand trial was filed on June 23, 1975. The court immediately appointed Doctors Frank Hogle and Peter Gutierrez to examine the defendant. A hearing was held on June 23rd and June 25th. The testimony of Doctor Gutierrez was given on June 23rd and does not appear in the record, but at the conclusion of Doctor Hogle's testimony given on June 25th, which does appear in the record, the court adjudged the defendant not competent to stand trial, and he was committed to the Department of Mental Health. Thereafter, on July 2nd, he was ordered confined in the maximum security division of Beatty Hospital.

On September 8, 1975, a competency hearing was ordered predicated upon the reports of the examining physicians at Beatty Hospital, Doctors Evan Constan and J. A. Nunez. Such hearing was held on October 3rd, following which the court adjudged the defendant competent to stand trial. The record indicates that the last mentioned Doctors testified at

such hearing, but the record does not include the evidence adduced at such hearing. The case was set for trial, and the defendant filed an additional plea of not guilty by reason of insanity. The case was tried before a jury on November 5, 6 and 7, 1975, and a verdict of guilty was returned.

At the trial, the defendant presented Doctors Hogle and Gutierrez upon whose testimony he had initially been found incompetent to stand trial, as witnesses upon the issue of his sanity at the time of the crime. Doctor Gutierrez's testimony disclosed that he had examined the defendant in June and concluded that he was not then competent to stand trial. He declined to express an opinion as to the defendant's mental capacity at the time of the offense, as he had made no examination in that regard. He stated that in his opinion, the defendant was not faking in June, when he had examined him. Doctor Hogle testified that he had examined the defendant on June 23rd and concluded that he was then acutely psychotic and not competent to stand trial. He did not express an opinion as to the defendant's mental capacity at the time of the crime. He did testify that his opinion of incompetence in June was formed, in part, by the defendant's physical mannerisms and that, in essence, the defendant displayed the same mannerisms at that time, i.e. at the time of trial. Doctor Hogle also testified that the physical mannerisms mentioned indicated an unsoundness of mind.

The defendant's brother testified that another brother of the defendant had died in a fire in 1970, that there after the defendant began to inject drugs, became difficult to communicate with and was confined in a mental institution for five or six months in 1972.

It is upon the foregoing record that the defendant contends that the court should have adjourned the trial and ordered a hearing to determine his competence to stand trial.

The presence of indicators requiring the court to hold a hearing under Ind. Code § 35-5-3.1-1 must, of necessity, be

determined upon the facts of each case as it arises. In the case before us, two hearings had been held. Following the first, the defendant was adjudged incompetent to stand trial. Following the second, which was held more than three months later and subsequent to an observation period of two months in a state psychiatric facility, he was adjudged competent upon the testimony of the professionals who examined and observed him. There was no event or occurrence subsequent to the determination of competence which amounted to reasonable grounds requiring a third hearing. Conceivably, incompetence might occur subsequent to a determination of competence, in which event a trial should not be had or, if commenced, a mistrial declared. Were we to follow the course of action urged by the defendant, however, a trial could never be had where the defendant's incompetence was being urged. Under such circumstances, there will always be indicators present which could be the basis of a reasonable ground for believing the defendant to have insufficient comprehension to be brought to trial. The existence of facts which would be reasonable grounds under some circumstances does not ipso facto mandate a hearing under all circumstances. The decision whether or not to hold a hearing lies in the province of the trial judge and should be disturbed upon review, only upon a showing of clear error. The indicators proffered by the defendant did not, in the context of this case, mandate a third hearing.

## ISSUE II

It was in evidence that the defendant gave no statement following his arrest. Whether or not such evidence was properly admitted is not an issue before us. During his argument to the jury, the prosecutor recounted the circumstances of the arrest and said, "Naturally he didn't give a statement because that is admitted into evidence and admitted defense guilt will have to consider." We do not understand the statement, but defense counsel views it as improper comment upon his Fifth Amendment privilege to remain silent, which it may

have been. The defense made no motion with respect to such comment.

This claim of error was made for the first time by way of the defendant's brief, and for this reason alone, it is not reviewable. *Clark* v. *State*, (1976) 265 Ind. 161, [3-5] 352 N.E.2d 762, 766; *James* v. *State*, (1974) 261 Ind. 495, 307 N.E.2d 59; *Brown* v. *State*, (1975) 264 Ind. 40, 338 N.E.2d 498; *Pinkerton* v. *State*, (1972) 258 Ind. 610, 283 N.E.2d 376. Defendant correctly asserts that fundamental error is an exception to the rules requiring proper in-trial objection as a prerequisite to raising the issue on appeal, citing *Kleinrichert* v. *State*, (1973) 260 Ind. 537, 297 N.E.2d 822. That the error complained of relates to the violation of a right guaranteed by the constitution does not, in and of itself, render it fundamental error requiring us to go against well established rules of procedure. Rather, fundamental error is error which, if not rectified, would deny the appellant "fundamental due process." *Webb* v. *State*, (1972) 259 Ind. 101, 284 N.E.2d 812. The prosecutorial misconduct charged here, if it was in fact misconduct, did not rise to that stature.

### ISSUE III

The defendant tendered three instructions purporting to advise as to the post-trial procedures that would follow in the event the defendant was found not guilty by reason of insanity. Such instructions were refused, and the defendant charges error in that there was thus a failure to enlighten the judgment of the jury, citing *LaDuron* v. *State*, (1973) 157 Ind. App. 189, 299 N.E.2d 227 and "as more particularly stated in *Foster* v. *State*, (1974) 262 Ind. 567, 320 N.E.2d 745: 'The purpose of an instruction is to inform the jury of the law applicable to the facts in such a manner that jurors will not be misled, and that they may clearly comprehend the case and arrive at a just, fair, and correct verdict. *Cockrum* v. *State*, (1968) 250 Ind. 366, 234 N.E.2d 479,' "

Instructing the jury, as provided in the quotation above means to instruct as to the law applicable to the case. It does not mean that instructions should be given encompassing all laws touching upon or related to the subject in controversy. Instructions should be designed to assist the jurors to arrive at a verdict according to law and not according to their ideas of what is right or best, which may be an entirely different thing. Instructions that might suggest an alternative more to the jury's liking than a verdict according to law are improper, unless reasonably required to minimize the risk of a verdict rendered for equally improper reasons. It was the duty of the jury in this case to make a finding as to the defendant's sanity upon the evidence presented, without concern for the consequences of such decision. What was to follow was the responsibility of others and not a matter that could properly motivate its verdict.

The defendant acknowledges *Coppenhaver* v. *State*, (1903) 160 Ind. 540, 67 N.E. 453, and urges us to overrule it. We have but recently reconsidered that case and upheld it in *Montague* v. *State*, (1977) 266 Ind. 51, 360 N.E.2d 189.

"Finally, the Appellant contends that the trial court erred when it failed to give a tendered instruction which instructed, using statutory language, on the procedure to be followed upon a finding of not guilty by reason of insanity. It is within the discretion of a trial court to instruct on the consequences of such a plea if it deems it appropriate. Cf. *Lockridge* v. *State*, (1975) 263 Ind. 678, 338 N.E.2d 275. If an erroneous view of the applicable law is implanted in the minds of the jurors, the failure to instruct the jury on the correct procedures will result in reversal. *Dipert* v. *State*, (1972) 259 Ind. 260, 286 N.E.2d 405. The jury in this case was not presented with an incorrect view of post-trial procedures. The refusal by the trial court of the tendered instructions on those procedures therefore was not error. *Hall* v. *State*, (1976) 264 Ind. 448, 346 N.E.2d 584; *Lockridge* v. *State, supra; Dipert* v. *State, supra.*"

We find no reversible error. The judgment is affirmed.

Givan, C.J., Arterburn, Debruler and Hunter, JJ., concur.

NOTE.—Reported at 361 N.E.2d 1201.