DAVID EARL DRAGON *v.* STATE OF INDIANA

[No. 378S53. Filed January 21, 1979.]

*Bobby Jay Small,* of Indianapolis, *Charles A. Thompson,* of Columbus, Ohio, for appellant.

*Theodore L. Sendak,* Attorney General, *Rollin E. Thompson,* Assistant Attorney General, for appellee.

GIVAN, C.J. — This is an appeal from an adverse ruling in a post-conviction proceeding. Appellant was convicted in 1973 of rape and kidnapping. He received sentences of 2-21 years and life imprisonment respectively.

Following a plea of not guilty to the charges, appellant entered a plea of insanity, alleging both insanity at the time of the crime's commission and mental incompetency to stand trial. The issue of incompetency to stand trial was specifically withdrawn by the appellant. However, the trial court did order appellant's examination by court-appointed physicians, concerning his plea of insanity at the time of commission of the crime.

The trial court granted appellant's motion for post-conviction relief in part and set a hearing on the issue of competency to stand trial. Appellant then moved for a summary vacation of conviction and for entry of a retrial order. These motions were merged with appellant's motion for relief. At the hearing, the trial court found no error in the original trial court's failure to hold a hearing on mental competency to stand trial and denied appellant's motion.

Appellant alleges error in the trial court's failure to hold a hearing upon his mental capacity to stand trial and in the denial of post-conviction relief. An accused must be mentally competent before he can ■■■ be forced to stand trial. State procedures must be adequate to protect this right. *Pate v. Robinson*, (1966) 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815. Competency requires that the accused understand the nature of the proceedings against him and have a present ability to assist his attorney in preparing a defense. *Drope v. Missouri*, (1975) 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103; *Evans v. State*, (1973) 261 Ind. 148, 300 N.E.2d 882. The issue of competency to stand trial may be properly raised at any stage of the prosecution, either by the court *sua sponte* or upon the suggestion of any person. IC § 35-5-3.1-1 (Burns 1975). This statute requires the trial court to hold a competency hearing if "reasonable grounds" exist to believe that the defendant is presently incompetent. *See Tinsley v. State*, (1973) 260 Ind. 577, 298 N.E.2d 429. A plea of insanity in itself is insufficient to raise a reasonable basis for believing a defendant to be incompetent to stand trial. *Baum v. State*, (1978) 269 Ind. 176, 379 N.E.2d 437. The trial court is vested with discretion to determine if "reasonable grounds" exist. That decision will be reviewed only for an abuse of that discretion. *Harris v. State*, (1974) 262 Ind. 208, 314 N.E.2d 45.

Appellant cites the United States Supreme Court case of *Pate v. Robinson, supra,* for the proposition that a trial court must order a competency hearing when a history of pronounced irrational behavior exists. *Pate* is clearly distinguishable from the case at bar. First, in *Pate*, the defendant's attorney had maintained throughout the trial that the defendant was incompetent and several witnesses testified that he was insane. Further, the defendant had been denied a continuance in order to obtain psychiatric testimony on the issue of insanity. In the case at bar, the issue of competency to stand trial was raised and specifically withdrawn by the appellant. Although waiver is an inapposite concept in a competency determination, an attempted waiver or specific withdrawal of the competency issue is a circumstance bearing on the trial court's decision whether or not to hold a competency hearing. *Harris v. State, supra.* Further, the appellant introduced expert testimony that he was insane at the time the offense was committed; however, no reference was made to his mental competency to stand trial. The expert witness, Dr. Grosz, testified that he had interviewed the appellant

in order to determine whether appellant understood "the nature of the charges against him" and "whether he is competent to work and to cooperate with his attorney." However, no evidence was elicited from that witness which would indicate that the appellant was, in fact, incompetent to stand trial, nor was there any other evidence presented during the trial to the effect that appellant was incompetent to stand trial. The trial court, therefore, committed no abuse of discretion in not holding a hearing to determine the competency of the appellant to stand trial.

Appellant next claims the trial court erred in entering judgment on both the kidnapping and rape convictions. He argues the two offenses were based on the same factual transaction and that a conviction for both is prohibited by the double jeopardy clause of the 5th Amendment of the United States Constitution and Article 1 § 14 of the Indiana Constitution. He argues that the kidnapping merely constituted a preparatory step in the commission of the rape and was therefore not a separate and distinct crime. The test for determining whether these two offenses constitute the same offense under a double jeopardy analysis was enunciated by the United States Supreme Court in *Blockburger v. United States*, (1932) 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 and has been specifically adopted by this Court in *Elmore v. State*, (1978) 269 Ind. 532, 382 N.E.2d 893, 65 Ind. Dec. 397. The *Blockburger* test states that where the same act or transaction violates two distinct criminal statutes, there will be separate and independent offenses only when each crime requires proof of an element which the other does not. Appellant argues that, even though the elements of rape and kidnapping are different and therefore separate offenses within the *Blockburger* test, several jurisdictions have construed their kidnapping statutes to permit conviction only where the asportation was significantly independent to constitute a separate and distinct act. Appellant cites several cases from other jurisdictions to support his contention. However, this Court has held the offenses of rape and kidnapping to be separate and distinct as long as both are supported by evidence beyond a reasonable doubt. *Tewell v. State*, (1976) 264 Ind. 88, 339 N.E.2d 792. The record in the case at bar demonstrates that the kidnapping was in fact a separate offense. The appellant called the victim and asked her to babysit for him. He picked her up at her college dormitory, drove her into the country, stopped the car, grabbed the victim and

declared, "This is a kidnapping and I am holding you for ransom." He then picked up a knife and forcibly raped the victim. Clearly, the kidnapping was a separate offense. It was an independent act which would have supported a conviction even if a rape had never occurred.

Appellant next alleges that a life sentence for a crime of kidnapping, under the facts of this case, is disproportionate to the seriousness of the offense and constitutes cruel and unusual punishment under the 8th Amendment of the United States Constitution. We have specifically rejected this argument in prior cases. See *Vacendak v. State*, (1976) 264 Ind. 101, 340 N.E.2d 352, *cert. denied* 429 U.S. 851, 97 S.Ct. 141, 50 L.Ed.2d 125; *Tewell v. State*, (1976) 264 Ind. 88, 339 N.E.2d 792.

The trial court is in all things affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ. concur.

NOTE—Reported at 383 N.E.2d 1046.