**Dan FEGGINS, Jr., Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1079S296.**

Supreme Court of Indiana.

Feb. 20, 1980.

Rehearing Denied April 25, 1980.

213(4)

Robert F. Hellmann, Terre Haute, for appellant.

Theodore L. Sendak, Atty. Gen., Jeff G. Fihn, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This is an appeal from the denial of post conviction relief, Post Conviction Remedy Rule 1. Petitioner (Appellant) was convicted in a trial by jury of second degree murder, Ind. Code § 35–1–54–1 (Burns 1975), and sentenced to imprisonment for an indeterminate term of fifteen (15) to twenty-five (25) years. Upon direct appeal, his conviction was affirmed by this Court. *Feggins v. State*, (1977) 265 Ind. 674, 359 N.E.2d 517. The following issues are presented:

(1) Whether the trial court erred in not holding a hearing to determine petitioner's competency to stand trial.

(2) Whether petitioner was denied equal protection because of the alleged racial bias of a court-appointed psychiatrist.

\* \* \* \* \* \*

### ISSUE I

Upon defense counsel's motion, the trial court appointed two psychiatrists to examine petitioner. Both reported that he was competent to stand trial. Petitioner contends that the trial court erred when it failed to hold a competency hearing. In

support of that contention, he cites Ind. Code § 35–5–3.1–1 (Burns 1975) which requires such a hearing if the trial court has "reasonable grounds" to believe that the defendant is incompetent.

■ Initially, we note that it is well settled that the right to a competency hearing is not absolute. *E. g., Adams v. State,* (1979) Ind., 386 N.E.2d 657; *Brown v. State,* (1976) 264 Ind. 484, 346 N.E.2d 559. Ind. Code § 35–5–3.1–1 and due process require such a hearing only when there is evidence before the trial court that creates a reasonable or bona fide doubt as to defendant's competency. *Pate v. Robinson,* (1966) 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; *Cook v. State,* (1972) 258 Ind. 667, 284 N.E.2d 81. The presence of evidence or "indicators" requiring the trial court to hold a hearing must be determined according to the facts of each case. *Malo v. State,* (1977) 266 Ind. 157, 361 N.E.2d 1201.

Petitioner asserts that there was sufficient evidence to create a bona fide doubt as to his competency and that a hearing was, therefore, mandated. In support of his contention, he lists twenty-one (21) "indicators" or "suggestions of mental disorder" that were before the trial court.

It is apparent that these "indicators" are observations that were contained in the reports of the court-appointed psychiatrists. However, these observations, when read and considered in context, do not justify the significance placed upon them by petitioner. Therefore, his reliance upon them is misplaced.

■ "The decision whether or not to hold a [competency] hearing lies in the province of the trial judge and should be disturbed upon review, only upon a showing of clear error." *Malo v. State, supra,* 266 Ind. at 161, 361 N.E.2d at 1204. Here, two psychiatrists determined that petitioner was competent to stand trial. There was no evidence of a history of serious mental disorder, no unusual courtroom behavior, nor any prior determination of incompetency. That the psychiatrists made observations that might give rise to bona fide doubts under other circumstances does not ipso facto mandate a hearing under all circumstances. Thus, the "suggestions of mental disorder" proffered by petitioner did not, in the context of this case, mandate a hearing.

## ISSUE II

Petitioner next contends that he was denied equal protection of the law in that, in the words of the petitioner, a court-appointed psychiatrist treated him "differently due to his race than he would have treated other persons." Apparently, although it is not entirely clear, the basis of petitioner's argument is that a passage from the psychiatrist's report [1] to the court demonstrates that the psychiatrist believed that blacks earn "their living principally be (sic) welfare" and are not "worthy of the effort required to make the appropriate [psychiatric] analysis." We view the psychiatrist's gratis generalizations with distaste and as being misplaced in his report to the court. However, we do not believe that they can reasonably be made the basis of a claim of racial discrimination. We will, nevertheless, dispose of the issue as a bona fide claim of the denial of equal protection.

■ The purpose of the Equal Protection Clause of the Fourteenth Amendment "was to eliminate all *official state sources* of invidious racial discrimination * * *." *Loving v. Virginia,* (1967) 388 U.S. 1, 10, 87 S.Ct. 1817, 1823, 18 L.Ed.2d 1010, 1017. (Emphasis added.) Thus, the Amendment prohibits "only such action as may fairly be said to be that of the States. That Amendment erects no shield against merely private conduct, however discriminatory or

---

1. In his written report to the trial court, the psychiatrist stated in pertinent part:

"This young colored man has been around, he has lived on the existence of crime most of his life, he was incarcerated at Crown Point and had hurt his back. He 'earned' his living principally by welfare.

"Like a lot of the colored people of the south where he was born and raised, also come colored people in the north (and white people too for that matter, I do not want to appear racially prejudiced) he took his welfare check and was going to invest it rather wisely in a crap game."

wrongful." *Shelley v. Kraemer,* (1948) 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161, 1180. Private conduct, therefore, abridges no individual rights unless there is state involvement in that conduct. *Burton v. Wilmington Parking Authority,* (1961) 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45. The state involvement must be "significant." *E. g., Reitman v. Mulkey,* (1967) 387 U.S. 369, 87 S.Ct. 1627, 18 L.Ed.2d 830. The critical question, then, is whether or not there was significant state involvement here.

That the trial court appointed the psychiatrist to examine petitioner and then relied on the medical opinion contained in his report is not sufficient state action. Petitioner has not demonstrated, nor does the record suggest, that the trial court in any manner practiced or approved racial discrimination. There was, therefore, no violation of petitioner's right to equal protection under the law.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.