**Joe HILL, Petitioner-Appellant,**

v.

**STATE of Indiana, Respondent-Appellee.**

**No. 3–1182A296.**

Court of Appeals of Indiana,
Third District.

July 20, 1983.

---

Susan K. Carpenter, Public Defender of Indiana, Ihor N. Boyko, Sp. Asst. Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

GARRARD, Judge.

This is an appeal from the denial of post conviction relief.

Appellant Hill was charged with battery. He originally pleaded not guilty. A week later, appearing *pro se,* he indicated his desire to enter a guilty plea. The court conducted a thorough arraignment during which it was revealed that Hill had been treated at the Wabash Valley Mental Health Center. It also appeared that Hill was currently taking a tranquilizer, Thorazine, upon prescription. The court questioned Hill about his emotional health and Hill stated that his condition had become stabilized, that he was able to proceed, and that he had no doubts concerning his ability to understand what was transpiring. From the record it appears that Hill's conversation with the judge was forthright, courteous and intelligent. Neither Hill nor anyone else on his behalf made any express suggestions that Hill was not competent.

Hill contended in his petition for post conviction relief that the court erred in failing to conduct a competency hearing prior to accepting his guilty plea. We disagree.

■ An accused is competent to stand trial if he has the present ability to consult rationally with his defense counsel and has factual comprehension of the proceedings against him. *Mato v. State* (1982), Ind., 429 N.E.2d 945.

At the time Hill entered his plea Indiana law provided for a competency hearing:

"If at any time before the final submission of any criminal case to the court or jury tring the same,, the court, either from its own knowledge or upon the suggestion of any person, has reasonable grounds for believing that the defendant lacks the ability to understand the proceedings and assist in the preparation of his defense, the court shall immediately fix a time for a hearing to determine whether the defendant has that ability. . . ."

IC 35–5–3.1–1 [repealed and replaced by IC 35–36–3–1].

■ It has been repeatedly held under our statute that where there has been no petition to determine competency, the need for a competency hearing is discretionary with the court and a hearing need not be held unless the court, itself, has a bona fide or reasonable doubt as to the accused's ability to understand the proceedings and assist in his defense. *Mato v. State, supra; Feggins v. State* (1980), Ind., 400 N.E.2d 164; *Adams v. State* (1979), 270 Ind. 406, 386 N.E.2d 657; *Lloyd v. State* (1979), 270 Ind. 227, 383 N.E.2d 1048; *Dragon v. State* (1979), 270 Ind. 223, 383 N.E.2d 1046, *cert. denied* 442 U.S. 912, 99 S.Ct. 2829, 61 L.Ed.2d 279.

■ The circumstances disclosed by the record at the time of Hill's arraignment, guilty plea and sentencing were sufficient to put the court on inquiry. *See Johnson v. State* (1974), 262 Ind. 516, 319 N.E.2d 126. The judge questioned Hill, observed his demeanor and apparent comprehension, and listened to his responses. The record sustains the judge's conclusion that there was not reasonable grounds for believing Hill was then incompetent. Accordingly, there was no abuse of discretion in the court's failure to order a competency hearing and appoint psychiatrists to examine Hill.

Hill also asserts there was no adequate waiver of his right to counsel and no adequate factual basis for his plea.

■ Both at the original arraignment and again when Hill indicated his desire to plead guilty the court advised him of his right to counsel and that if he could not afford an attorney the court would appoint one for him at public expense. On both occasions the court pointed out that an attorney could assist Hill in "representing your best interests; he would assist you in terms of plea bargaining anything out, he would assist you in terms of cross examining witnesses, advising you of your constitutional rights, protecting you in regard to those rights and do all of those things for you." On both occasions Hill said that he understood and that he did not want an attorney. This was sufficient to demonstrate a waiver of Hill's right to counsel. *Phillips v. State* (1982), Ind., 441 N.E.2d 201; *Shelton v. State* (1979), Ind.App., 390 N.E.2d 1048.

■ Finally, Hill asserts there was an inadequate factual basis for the plea. Again, we disagree. Hill was charged with throwing a lighted cigarette into the left eye of Jack Hill. At the guilty plea proceeding he stated that he threw the cigarette in Jack Hill's eye and that "it was supposed to get in his eye." This was sufficient to establish both the necessary intent and the action upon which the charge was based.

The denial of post conviction relief is affirmed.

HOFFMAN, P.J., concurs.

STATON, J., dissents and files separate opinion.

STATON, Judge, dissenting.

I dissent. Under the circumstances surrounding the acceptance of Hill's guilty plea, the trial court erred in failing to hold a competency hearing. Forcing an incompetent accused to stand trial is a denial of due process, *Tinsley v. State* (1973), 260 Ind. 577, 298 N.E.2d 429, and the State must employ adequate procedures to prevent such a denial. *Dragon v. State* (1979), 270 Ind. 223, 383 N.E.2d 1046, *cert. denied,* 442 U.S. 912, 99 S.Ct. 2829, 61 L.Ed.2d 279. At

the time Hill entered his guilty plea, his due process rights were protected by IC 1976, 35–5–3.1–1(a) (Burns Code Ed., 1979 Repl.) (repealed and replaced by IC 1976, 35–36–3–1(a) (Burns Code Ed., 1982 Supp.)), which provided for a competency hearing when the court had reasonable grounds for believing that the defendant was incompetent. The trial court had information before it which put Hill's mental state at issue; therefore it was a denial of due process for the trial court to accept Hill's plea and sentence him without holding a competency hearing.

The right to a competency hearing is not subject to the general principles of waiver because a defendant who may have been incompetent to stand trial cannot be considered to have knowingly waived his right to a competency hearing by failing to assert that right at trial. *Evans v. State* (1973), 261 Ind. 148, 300 N.E.2d 882. For the same reason, Hill's negative response to the trial court's question whether he (Hill) had any doubt about his ability to understand the proceedings cannot constitute a waiver of his right to raise the competency issue, particularly when he was not represented by counsel at any stage of the guilty plea proceedings.

In addition to the information conveyed to the trial court at Hill's arraignment regarding his history of mental treatment and his use of Thorazine, the pre-sentence report, which was available to the trial court when it entered judgment against Hill and sentenced him, included information furnished by a mental health professional that Hill had been taking tranquilizers and other medication for an extended period of time, that he had a history of mental treatment and that he had been labeled a schizophrenic.[1] At the hearing on Hill's petition for post-conviction relief, psychiatric reports prepared three and six months after his sentencing were admitted into evidence. These reports indicate that Hill was having difficulty relating to other people and distinguishing reality from fantasy. Such reports may be considered in determining whether a hearing on Hill's competency to stand trial should have been held. *Cf. Evans v. State, supra.*

I believe that the information which the trial court had before it put Hill's competency into question. The majority, while acknowledging that the evidence on the record required an inquiry into Hill's competency, would allow the trial court to resolve its doubts informally, without following the statutory procedures. Our Supreme Court has recognized that a defendant's behavior in the trial court cannot override other reasonable grounds for a hearing:

> "*Although appellant behaved rationally at trial,* a history of serious mental disorders, commitment to mental hospitals, or a prior court order of incompetency would put his competency into question."

*Johnson v. State* (1974), 262 Ind. 516, 521, 319 N.E.2d 126, 129 (emphasis added). *Cf. Schuman v. State* (1976), 265 Ind. 586, 357 N.E.2d 895. The uncontradicted evidence regarding Hill's drug use and history of mental treatment put his competency into question; therefore, the trial court erred in failing to hold a competency hearing.

Hill's competency could be determined from the record, which contains psychiatric information relevant to that determination. I would emphasize, however, that the issue is his competence in April, 1981, not in June or October of that year. Hill's behavior throughout the April, 1981 proceedings, which is preserved in the record, is also relevant to a competency determination, and he bears the burden of establishing his incompetency under Ind.Rules of Procedure, Post-Conviction Rule 1. *Evans v. State, supra.* I would reverse the trial court's determination regarding the need for a competency hearing and remand for such a hearing, reserving consideration of the other issues Hill raises in this appeal until it has been determined that he was competent to enter his guilty plea. Therefore, I dissent.

1. When the trial court sentenced Hill and placed him on probation, one condition of that probation was that he pursue treatment at Wabash Valley Mental Health Center.