Charles F. PAYTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 1185S458.

Supreme Court of Indiana.

May 15, 1987.

Susan K. Carpenter, Public Defender, Indianapolis, Sheila K. Zwickey, Sp. Asst., Rushville, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant was charged with the murder of his former wife. Appointed counsel petitioned the court for assistance in evaluating appellant's mental state in anticipation of filing a notice of insanity defense. The motion was granted and the court appointed Dr. David Crane to assist in the evaluation of appellant's mental condition; however, before any evaluation was made, appellant, with his counsel, entered into a written plea agreement with the prosecuting attorney to enter a plea of guilty to murder and to receive an executed sentence of fifty (50) years. The court approved the agreement and appellant was sentenced accordingly. Subsequently, appellant filed a petition for post-conviction relief, which after a hearing was denied by the trial court. This is an appeal from that denial.

Appellant claims the trial court erred in accepting his plea of guilty without first ordering a competency evaluation. Although appellant's counsel had petitioned for and had received assistance in evaluating appellant's mental condition, the plea of guilty was entered without any further indication of mental incompetence.

■ Inasmuch as there was no petition to determine competency pending before the court, it was entirely within the discretion of the trial court to determine whether a separate hearing was needed to determine appellant's competence. *Hurley v. State* (1983), Ind., 446 N.E.2d 1326.

■ In the case at bar, the trial court held a hearing before accepting appellant's plea of guilty, wherein he thoroughly questioned appellant. Although appellant demonstrated that his education was limited and that his understanding of the law was even more limited, the judge nevertheless explained the situation to him in language which he indicated he could understand. The rather lengthy hearing was well done and clearly demonstrates the trial court was well within the exercise of his judicial discretion in proceeding to sentence appellant according to his written plea agreement.

Appellant claims the trial court erred in finding the plea agreement satisfied the guilty plea statute and that appellant's plea agreement was proper and binding. Appellant contends Ind. Code § 35–35–3–1 was violated, in that under the definition section of the statute "recommendation" is defined as:

"a proposal that is part of a plea agreement made to the court that:

(1) a felony charge be dismissed; or

(2) a defendant, if he pleads guilty to a felony charge, receive less than the presumptive sentence."

Appellant points out that the plea agreement called for an executed fifty (50) year sentence, whereas the penalty statute for murder provides for a forty (40) year sentence, which may be reduced by ten (10) years for mitigating circumstances or increased by twenty (20) years for aggravating circumstances. Ind.Code § 35–50–2–3. He thus argues the plea agreement, in providing for more than the presumptive sentence, does not come within the definition of "recommendation" under the statute.

The State points out that the statute has been amended three times over a relatively short period of time and that two prior versions of the statute defined "recommendation", among other things, as applying where the defendant received less than the maximum penalty permitted by law. It was not until the last amendment that the wording was changed to read "receive less than the presumptive sentence." It is difficult to discern why the legislature felt compelled to define "recommendation" nor do we perceive what possible value the definition provides.

■ There is no question but what a defendant may lawfully enter into any plea agreement which remains within the bounds of the charging statute whether it be for the minimum or the maximum penalty provided. In the case at bar, appellant was represented by counsel at the time of his plea. The agreement was signed by the

 

prosecuting attorney, by appellant's counsel and by appellant.

■ At the hearing conducted by the court before accepting the plea, both appellant and his counsel were thoroughly questioned by the trial court. Appellant received exactly what he agreed to and we see nothing in this record or in the briefs to indicate that he was misled or harmed in any way by the agreement. *See Jones v. State* (1976), 265 Ind. 447, 355 N.E.2d 402; *Davis v. State* (1981), Ind.App., 418 N.E.2d 256. Under the facts of this case, we must presume that at the time the agreement was signed both appellant and his counsel perceived it to be of an advantage to him.

Appellant claims his guilty plea was not entered knowingly and intelligently and that he was not advised of the possibility of an increased sentence due to prior convictions as required by Ind. Code § 35–35–1–2(a)(3). The principle case relied upon in support of this contention is *German v. State* (1981), Ind., 428 N.E.2d 234; however, recently this Court reversed its holding in *German* and held that the Court may examine the entire record to ascertain whether or not an appellant has been properly advised and that it is unnecessary to advise a defendant of matters which are immaterial to the prosecution. *White v. State* (1986), Ind., 497 N.E.2d 893.

■ In the case at bar, the only prior criminal record shown was a previous arrest for vehicle theft, which was later dismissed without prosecution, and a statement to the investigating officer by appellant that two weeks before his instant arrest he had been fined $100 for public intoxication. However, the reporting officer stated that as this appeared to have been in Martinsville City Court he had no record of the same. Appellant's prior record was not discussed by the trial court in the sentencing hearing nor was it mentioned by appellant or his counsel. Under the circumstances, the question of a prior criminal record was not an issue.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.