19 F.3d 22
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles F. PAYTON, Petitioner/Appellant,
v.
Richard H. CLARK, et al., Respondents/Appellees.
 No. 91-2367.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 16, 1994.*
Decided Feb. 24, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Charles F. Payton, an Indiana prisoner, appeals from the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. Payton pled guilty to the murder of his former wife and was sentenced to fifty years of imprisonment. The denial of his state post-conviction petition was affirmed by the Indiana Supreme Court. Payton v. State, 507 N.E.2d 579 (1987). Payton argues that his plea was not made knowingly, voluntarily, and intelligently because he was incompetent at the time of the plea hearing. He also argues on appeal that the district court should have conducted an evidentiary hearing to determine his competency.[1]
 
 
 2
 We review the district court's denial of the petition de novo. Lily v. Gilmore, 988 F.2d 783, 784 (7th Cir.), cert. denied, 114 S.Ct. 154 (1993). The state court's finding of no bona fide doubt as to Payton's competency is factual and presumed correct, unless it is not fairly supported by the record. Maggio v. Fulford, 462 U.S. 111, 116-17 (1983), 28 U.S.C. Sec. 2254(d). See also Estock v. Lane, 842 F.2d 184, 186 (7th Cir.1988) (per curium). A defendant is competent to plead guilty if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." Godinez v. Moran, 113 S.Ct. 2680, 2685 (1993) (internal quotation marks omitted).
 
 
 3
 Payton challenges the state court's finding of competency, arguing that the trial court failed to consider a psychiatric evaluation that allegedly was conducted. No report has ever been offered by Payton, see Van Russell v. United States, 976 F.2d 323, 325 (7th Cir.1992), cert. denied, 113 S.Ct. 2376 (1993), nor did Payton's counsel ever petition the trial court to determine Payton's competency.[2] See Chichakly v. United States, 926 F.2d 624, 632 (7th Cir.1991); Balfour v. Haws, 892 F.2d 556, 560 (7th Cir.1989) (fact that counsel did not raise the issue of petitioner/defendant's competence is probative of whether bona fide doubt existed as to petitioner's mental condition). Because there was no evidence of Payton's incompetency before the trial court to put the court on notice, Chichakly, 926 F.2d at 633, and because Payton has not otherwise rebutted the presumption of the correctness of the state's court finding, 28 U.S.C. Sec. 2254(d), we must presume that Payton was competent at the time of the plea hearing.
 
 
 4
 In an elaborate colloquy between the trial judge and Payton at the plea hearing, Payton was thoroughly questioned, and fully advised of his constitutional rights and the consequences of a guilty plea. Although Payton occasionally showed confusion regarding certain technical aspects of the legal process and of his constitutional rights, the trial judge and counsel made repeated attempts to clarify Payton's misunderstandings and explained the matters to him in language which Payton indicated he could understand. The trial court also offered Payton the opportunity to confer with his counsel at any time. The court then heard testimony concerning the factual basis of the plea, and Payton agreed that he shot his former wife.
 
 
 5
 Although Payton exhibited little concern about either protecting his constitutional rights or obtaining a full understanding of the process, we determine that this is insufficient to render the plea invalid. As the record indicates, Payton had sufficient ability to consult his counsel with a reasonable degree of rational understanding, and understood the proceeding against him. In addition, Payton's plea complied with Boykin v. Alabama, 395 U.S. 238 (1969).
 
 
 6
 Because the state court's finding of Payton's competency is fairly supported by the record, the district court did not err in not holding an evidentiary hearing. Accordingly, the district court's denial of the petition is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 In addition, Payton argues that this court erred in denying his request for counsel. 18 U.S.C. Sec. 3006A(a)(2)(B). We consider this argument as a motion for reconsideration and find that the motion panel's decision is appropriate
 
 
 [2]
 The Indiana Supreme Court found that in anticipation of an insanity defense, Payton's counsel had petitioned the trial court for an evaluation of Payton's mental state. The motion was granted, but Payton pled guilty before any evaluation was made. Payton, 507 N.E.2d at 580. Although the record reveals that Payton was transported to Dr. Crane's office, we assume as correct the state court's finding that no evaluation was conducted. 28 U.S.C. Sec. 2254(d). In any event, the issue of Payton's mental state at the time of the offense is different from the issue of Payton's competency to plead guilty